Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN OHREN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Kevin Ohren ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Amyris, Inc. ("Amyris" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

Class Action Complaint for Violation of the Federal Securities Laws

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Amyris between March 2, 2017 and April 17, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and maintain offices in this Judicial District, and Defendant Amyris is headquartered in this Judicial District.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying Certification, purchased Amyris securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7. Defendant Amyris provides various alternatives to a range of petroleum-sourced products worldwide. The Company is incorporated in Delaware and its principal executive offices

are located at 5885 Hollis Street, Suite 100, Emeryville, CA. Amyris' common stock is traded on The NASDAQ Stock Market ("NASDAQ") under the ticker symbol "AMRS."

8. Defendant John G. Melo ("Melo") has been the Chief Executive Officer ("CEO") of Amyris since October 12, 2006 and its President since January 2008.

9. Defendant Kathleen Valiasek ("Valiasek") has been the Chief Financial Officer ("CFO") of Amyris since January 5, 2017.

10. Defendants Melo and Valiasek are sometimes referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g) approved or ratified these statements in violation of the federal securities laws.

12. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15. Amyris entered into a license agreement with Phyto Tech Corp. (D/B/A "Blue California") dated as of December 30, 2016, which was part of a Memorandum of Understanding announced on October 13, 2016.

### Materially False and Misleading Statements

16. On March 2, 2017, Amyris issued a press release entitled "Amyris More Than Doubles Revenues Over 2015 And Provides Strong Growth Outlook," disclosing its financial results for the fourth quarter and fiscal year ended December 31, 2016, stating in pertinent part:

> **Amyris More Than Doubles Revenues Over 2015 And Provides Strong Growth Outlook**
>
> *March 02, 2017 16:00 ET* | **Source:** Amyris
>
> - *Record 2016 revenues\* of $77.2 million, up 126% over $34.2 million for 2015*
> - *Record Q4 2016 revenues\* of $32.2 million, a 227% increase over $9.8 million for Q4 2015*
> - *Q4 and full year 2016 selling, general and administrative expenses decreased 5% and 15%, respectively*
> - *October 2016 MOU with Leading Global Food Ingredients and Nutraceuticals Partner leads to $10 million in Q4 revenues*
>
> EMERYVILLE, Calif., March 02, 2017 (GLOBE NEWSWIRE) -- Amyris, Inc. (Nasdaq:AMRS), the industrial bioscience company, today announced financial results for the fourth quarter and fiscal year ended December 31, 2016.
>
> \*   \*   \*
>
> *Fiscal Year 2016*
>
> - Revenues for fiscal year 2016 were $77.2 million, compared with $34.2 million for 2015. The increase was driven by significant growth in both product sales and collaboration revenues. Product sales increased 77% led primarily by increases in personal care and health and nutrition segments. Collaboration revenues were at a record\* level at $50.8 million, up from $19.3 million for 2015. This was driven by collaborations with Ginkgo

Class Action Complaint for Violation of the Federal Securities Laws

Bioworks, DARPA, Givaudan, as well as an unnamed partner for which an MOU was announced on October 13, 2016.

17.     On April 3, 2017, Amyris filed a Form 12b-25 with the SEC stating that "[t]he Company's aggregate revenues for the year ended December 31, 2016 were $77.2 million."

18.     The statements referenced in ¶¶ 16 - 17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) in the first quarter of 2017, Amyris made a decision to take an equity stake in one of Blue California's affiliates that focused on the sweetener market in lieu of cash payment under the license agreement; (2) consequently, due to Amyris' decision, Amyris would be unable to recognize $10 million in fourth quarter and fiscal year 2016 revenue from the license agreement with Blue California; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

## **The Truth Emerges**

19.     On April 17, 2017, during aftermarket hours, Amyris filed a Form 10-K with the SEC for the fiscal year ended December 31, 2016 and reported revenues of $67.2 million for fiscal year 2016.

20.     On April 18, 2017, before market hours, Amyris filed a Form 8-K with the SEC revealing that the $10 million decrease from the previously reported fiscal year 2016 revenues was due to Amyris' decision, during the first quarter of 2017, to take an equity stake in one of Blue California's affiliates that focused on the sweetener market in lieu of cash payment under the license agreement, stating in pertinent part:

> On March 2, 2017, Amyris, Inc. (the "***Company***") issued a press release (the "***Earnings Release***") announcing the Company's financial results for its fiscal quarter and year ended December 31, 2016. In the Earnings Release, the Company disclosed, among other things, revenues for fiscal year 2016 of $77.2 million and collaboration revenues of $50.8 million, driven in part by a license agreement with Phyto Tech Corp. (D/B/A "***Blue California***") dated as of December 30, 2016, which agreement was part of a Memorandum of

- 5 -

Class Action Complaint for Violation of the Federal Securities Laws

Understanding announced on October 13, 2016, and with respect to which $10 million of revenue was initially recorded in the fourth quarter and full year 2016. Subsequently, on April 3, 2017, the Company filed a Notification of inability to timely file Form 10-K on Form 12b-25 (the "*Form 12b-25*") with the Securities and Exchange Commission (the "*SEC*"), in which the Company reiterated certain of the financial results disclosed in the Earnings Release.

On April 17, 2017, the Company filed its Annual Report on Form 10-K for the fiscal year ended December 31, 2016 (the "*Form 10-K*") with the SEC. In the Form 10-K, the Company disclosed revenues for fiscal year 2016 of $67.2 million, representing a decrease of $10 million from the revenue figures disclosed in the Earnings Release and Form 12b-25. The decrease was due to the Company's determination that it was unable to recognize $10 million in fourth quarter and fiscal year 2016 revenue relating to the license agreement with Blue California. This was due to the decision by the Company in the first quarter of 2017 to accelerate its market access and strategic positioning for the sweetener market, which Blue California has interests in, and take an equity stake in one of Blue California's affiliates, focused on the sweetener market, in lieu of cash payment under the license agreement. Due to the change in the payment structure, the accounting treatment is different and therefore the revenue recognition has been delayed and is expected in the first half of 2017. The Company has delivered technology consistent with the terms of the license agreement and has been working to the satisfaction of Blue California. The decision to contribute the license payment to an equity investment is aligned with the strategic direction of the Company to become one of the leading technology providers for the sweetener market and replace sugar as a sweetener with healthy, low calorie sweeteners that support the strategy of major brands globally. Investors are strongly encouraged to review the sections of the Form 10-K entitled "Management's Discussion and Analysis of Financial Condition and Results of Operations" and "Financial Statements and Supplementary Data" for additional details regarding the Company's financial results for the fiscal year ended December 31, 2016.

21.     On this news, shares of Amyris fell $0.14 per share, or 20%, over two trading days to close at $0.56 per share on April 19, 2017, damaging investors.

22.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publicly traded securities of Amyris during the Class Period (the "Class"); and were

damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

24.   The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Amyris securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

25.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

27.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- • whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- • whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;
- • whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- • whether the prices of Amyris securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- • whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

29. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- • Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- • the omissions and misrepresentations were material;
- • Amyris securities are traded in efficient markets;
- • the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;
- • the Company traded on the NASDAQ, and was covered by multiple analysts;
- • the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold Amyris securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

30. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

31. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

32. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

33. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

34. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

35. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- 9 -

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Amyris securities during the Class Period.

36. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

37. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

38. As a result of the foregoing, the market price of Amyris securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Amyris securities during the Class Period in purchasing Amyris securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

39. Had Plaintiff and the other members of the Class been aware that the market price of Amyris securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's

and the Individual Defendants did not disclose, they would not have purchased Amyris securities at the artificially inflated prices that they did, or at all.

40.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

41.     By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Amyris securities during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

42.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43.     During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

44.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

45.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Amyris securities.

46. Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

47. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: April 20, 2017                             Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws